1
2
3
4
5
6
7

JS - 6

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10         WESTERN DIVISION

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, | )  Case No. CR 01-0564-RMT |
| | )           CV 07-6246-RMT |
| 12            Plaintiff, | ) |
| | )  ORDER DENYING |
| 13       vs. | )  DEFENDANT'S MOTION TO |
| | )  VACATE, SET ASIDE, OR |
| 14  ARMANDO GARCIA RICO, | )  CORRECT SENTENCE |
| | )  PURSUANT TO 28 U.S.C. § |
| 15            Defendant. | )  2255 |
| | ) |

16
17

18       This matter has come before the court on a motion by Defendant Armando

19  Garcia Rico ("Defendant") to vacate, set aside or correct his sentence pursuant to 28

20  U.S.C. § 2255.  Having considered the pleadings and the record on this matter, the

21  court finds as follows:

**Background**

22       On January 14, 2002, Defendant pleaded guilty to a two count indictment

23  charging Defendant with Conspiracy and Possession with the Intent to Distribute

24  Methamphetamine in violation of 21 U.S.C. §§ 846 and 841 (a)(1).  (CR 01-564,

25  Minutes of change of plea hearing, Docket #38).

26       On March 18, 2002, the United States Probation Office ("USPO") issued its pre-

27  sentence report ("PSR") as to Defendant.  To determine Defendant's criminal history

28

1

1  category, the USPO performed inquiries and obtained Defendant's arrest and court

2  records.   Defendant's record demonstrates that Defendant had a 1978 felony

3  conviction for illegal entry, in violation of 8 U.S.C. § 1325, a 1990 misdemeanor

4  conviction for carrying a concealed weapon, in violation of California Penal Code §

5  12025(b), a 1997 misdemeanor conviction for driving with a suspended license, in

6  violation of California Vehicle Code § 14601.1(a), and a 1998 misdemeanor conviction

7  for Forging Official Seal, in violation of California Penal Code § 142.

8         Pursuant to U.S.S.G. § 4A1.1(c), the USPO applied one criminal history point

9  for each of Defendant's 1997 and 1998 convictions and did not apply any criminal

10  history points for Defendant's 1978 and 1990 convictions.  (Id. ¶ 54).   In addition,

11  pursuant to U.S.S.G. § 4A1.1(d) the USPO applied two additional criminal history

12  points because Defendant was on probation for his 1998 conviction and had an

13  outstanding bench warrant stemming from his 1990 conviction at the time Defendant

14  committed the instant offense.   (Id. ¶ 55).   The USPO determined Defendant's

15  Sentencing Guidelines range was 210 to 262 months.  (Id. ¶ 93).[1]

16         On June 13, 2002, Defendant retained David G. Currie ("defense counsel") who

17  substituted in for Defendant's court appointed counsel, Angel Navarro.  (CR 01-564,

18  Substitution of attorney, Docket #57).  On March 8, 2004, this court held a sentencing

19  hearing for Defendant and denied his departure requests because he failed to show

20  a basis for the departures.  (CR 01-564, Minutes of sentencing, Docket #115).  After

21  finding a TOL of 35, a criminal history category of III, and a resulting Sentencing

22  Guidelines range of 210 to 262 months, this court sentenced Defendant to 210

23  months in prison on Counts One and Two, to be served concurrently.  (Id.)

24         On March 26, 2004, Defendant appealed from his conviction and sentence.

25  (CR 01-564, Notice of appeal, Docket #117).  On appeal, Defendant challenged the

26

27         [1]Prior to Defendant's sentencing hearing, Defendant moved to withdraw his guilty plea, alleging that
his former defense counsel, Deputy Federal Public Defender Angel Navarro, provided ineffective assistance.
(CR 01-564, Notice of motion to withdraw plea of guilty, Docket #96).   Defendant also alleged that he was

28  pressured into pleading guilty by his co-defendants.   (Id.)   On November 17, 2003, this court denied
Defendant's motion to withdraw plea of guilty.

1 voluntariness of his guilty plea and the sufficiency of this court's Rule11 colloquy. See

2 United States v. Garcia-Rico, No. 04-50137, 2006 WL 156777, at *1 (9th Cir. Jan. 20,

3 2006). Defendant also argued that this court abused its discretion in denying his

4 motion to withdraw his guilty plea. Id. The Ninth Circuit affirmed Defendant's

5 conviction, but granted a limited remand pursuant to United States v. Ameline, 409

6 F.3d 1073 (9th Cir. 2005) (en banc), for this court to determine whether Defendant's

7 sentence would have been materially different had it known the Sentencing

8 Guidelines were advisory. Id.

9       On October 10, 2006, the court conducted a re-sentencing hearing and

10 determined that Defendant's sentence would not have been materially different under

11 an advisory sentencing guideline system. (CR 01-564, Minutes of Ameline hearing,

12 Docket #144).

13       Defendant's motion alleges ineffective assistance of counsel. Defendant

14 asserts that defense counsel's failure to: (1) raise an objection to USPO's calculation

15 of Defendant's criminal history category during the sentencing phase of this case; and

16 (2) file an appeal on Defendant's behalf after his case was remanded to this court

17 pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) (en banc),

18 rendered defense counsel's performance deficient. Further, Defendant argues that

19 this deficiency in performance prejudiced him at trial.

20 ***Analysis***

21 **I. Ineffective Assistance of Counsel**

22       Defendant must meet two requirements to obtain relief for an ineffective

23 assistance of counsel claim pursuant to 28 U.S.C. § 2255. See Strickland v.

24 Washington, 466 U.S. 668, 687-88 (1984). First, Defendant must prove that defense

25 counsel's representation was deficient, falling below an objective standard of

26 reasonableness. Id. at 690. In order to meet this requirement, Defendant must

27 overcome the strong presumption that defense counsel's conduct fell within "the wide

28 range of professionally competent assistance." Id.

1  Second, Defendant must show that defense counsel's deficient performance

2  prejudiced the defense. Id. To prove prejudice, "a defendant must show that there

3  is a reasonable probability that, but for counsel's unprofessional errors, the result of

4  the proceeding would have been different. A reasonable probability is a probability

5  sufficient to undermine confidence in the outcome." Id. at 694.

6  **A.  Defense Counsel's Failure to Object to the USPO's Calculation of**

7  **Defendant's Criminal History**

8  Defendant argues that defense counsel's representation was deficient because

9  he failed to object to the USPO's incorrect application of one point each to

10  Defendant's 1997 and 1998 convictions. (Motion to vacate, set aside, or correct

11  sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion") at 9). First, Defendant

12  contends that those convictions were constitutionally invalid and should not be

13  counted because he was denied the right to counsel at the time he entered pleas for

14  those convictions. (Id. at 10). Secondly, Defendant argues that his 1997 and 1998

15  convictions should not count towards his criminal score because "the sentence of one-

16  year term of probation constitutes a default punishment." (See Supplement to § 2255

17  petition ("Supp. 2255 Motion") at 1). Lastly, Defendant argues that his 1997 and 1998

18  convictions were vacated by the California Supreme Court and should not be counted

19  for sentencing purposes pursuant to U.S.S.G. § 4A1.2. (2255 Motion at 11).

20  Defendant's contention that he was denied the right to counsel in the prior

21  proceedings is contradicted by court records. According to the PSR, court records of

22  Defendant's 1997 conviction indicate the Defendant was advised of his constitutional

23  rights, waived his right to counsel and elected to represent himself. (PSR ¶ 48).

24  Additionally, the court records for Defendant's 1998 conviction demonstrate that

25  Defendant was represented by counsel when he plead nolo contendere. (Id. ¶ 51).

26  Thus, it was not unreasonable for defense counsel to fail to object on this ground.

27  Next, relying on what Defendant describes as a 2007 amendment to U.S.S.G.

28  § 4A1.2(c), Defendant mistakenly argues that a one-year term of probation constitutes

4

1 | a default punishment and should not be counted for criminal history purposes. (Supp.

2 | 2255 Motion at 1). However, under both the 2001 and 2007 versions of section

3 | 4A1.2(c), sentences for misdemeanor and petty offenses should be counted if the

4 | sentence was a term of probation of more than one year or the prior offense was

5 | similar to one of the offenses listed under section 4A1.2(c)(1). (See U.S.S.G. §

6 | 4A1.2(c)(1)).

7 | Here, Defendant was sentenced to a term of probation for more than one year

8 | for both his 1997 and 1998 convictions. (PSR ¶¶ 47, 50). In addition, the 1997

9 | conviction for driving with a suspended license is one of the offenses listed under

10 | section 4A1.2(c)(1), and the 1998 conviction for forging an official seal is serious

11 | enough to be similar to the offenses contained in that list. As such, it was not

12 | unreasonable for defense counsel to fail to object on this ground.

13 | Finally, Defendant's argument that his 1997 and 1998 convictions should be

14 | excluded because they were vacated is incorrect. In Defendant's 2255 motion,

15 | Defendant incorrectly relies on U.S.S.G. § 4A1.2(j) as a basis for exclusion of his

16 | 1997 and 1998 convictions in calculating his criminal history. Under U.S.S.G. §

17 | 4A1.2(j), "sentences for expunged convictions are not counted, but may be

18 | considered under § 4A1.3 (Adequacy of Criminal History Category)." See U.S.S.G.

19 | § 4A1.2(j) (emphasis added). The commentary to § 4A1.2 further provides that:

20 | A number of jurisdictions have various procedures pursuant to which

21 | previous convictions may be set aside or the defendant may be

22 | pardoned for reasons unrelated to innocence or errors of law . . . .

23 | Sentences resulting from such convictions are to be counted. However,

24 | expunged convictions are not to be counted.

25 | U.S.S.G. § 4A1.2(j), cmt. n. 10 (Nov 1. 2001 ed.).

26 | Applying the commentary's definition of expunged convictions, the Ninth Circuit

27 | in United States v. Hayden explains that a conviction set aside pursuant to California

28 | Penal Code ("Cal. PC") section 1203.4 is not "expunged" under Sentencing Guideline

1  section 4A1.2(j) and may be used for sentencing purposes.  255 F.3d 768, 771 (9th

2  Cir. 2001).  The court based its reasoning in part on People v. Frawley, where the

3  court stated that "[s]ection 1203.4 does not . . . 'expunge' the prior conviction," but

4  instead provides that "a defendant is released from all penalties and disabilities

5  resulting from the offense and the limitations on this relief are numerous and

6  substantial."     People v. Frawley, 82 Cal. App. 4th 784, 791 (2000).

7       Here, Defendant argues that the 1997 and 1998 convictions were set aside[2]

8  under Cal. PC section1203.4 and expunged within the meaning of U.S.S.G. section

9  4A1.2(j).  However, as in Hayden, although set aside pursuant to Cal. PC 1203.4,

10  Defendant's 1997 and 1998 convictions may be used for sentencing purposes.

11  Defendant's 1997 and 1998 convictions were set aside because Defendant had

12  "fulfilled the conditions of probation . . .", (see 2255 Motion at Ex. A), and not because

13  he was innocent of the charges.  Therefore, when calculating his criminal history

14  category, the USPO properly applied one point each for Defendant's 1997 and 1998

15  convictions.  A failure to object under these circumstances does not fall below an

16  objective standard of reasonableness.

17       For the foregoing reasons, Defendant cannot show that defense counsel's

18  representation was deficient for failing to object to the USPO's calculation of

19  Defendant's criminal history category.

20       **B. Defense counsel's failure to file an appeal**

21       Defendant contends that defense counsel's representation was deficient for

22  failing to file an appeal on his behalf after the Ameline hearing.  (Id. at 6).

23       The Supreme Court has established the proper framework for evaluating an

24  ineffective of assistance of counsel claim, based on counsel's failure to file a notice

25

26       [2]In his section 2255 motion, Defendant provides evidence that his 1997 and 1998 convictions were expunged pursuant to PC 1203.4.  See 2255 Motion at Ex. A.  The evidence shows that his 1997  and

27  convictions were not set aside until May 4, 2007 and May 24, 2007, respectively.  This occurred over three years after Defendant's original sentencing hearing and over six months after defendant's Ameline hearing.

28  Therefore, had it been necessary, defense counsel would not have had the opportunity to object to Defendant's criminal history category on this basis during the sentencing phase of the case.

1   of appeal without a petitioner's consent. See Roe v. Flores-Ortega, 528 U.S. 470, 473

2   (2000).   In Roe v. Flores-Ortega, the Court held that a defense "counsel has a

3   constitutionally imposed duty to consult with the defendant about an appeal when

4   there is reason to think either (1) that a rational defendant would want to appeal (for

5   example, because there are nonfrivolous grounds for appeal), or (2) that this particular

6   defendant reasonably demonstrated to counsel that he was interested in appealing."

7   Id. To establish whether defense counsel's assistance was ineffective, the defendant

8   has to show that defense counsel did not meet his or her constitutionally imposed

9   duty. (Id. at 480-81).

10          Here, Defendant has not shown by any credible evidence that he informed

11   defense counsel of his interest in appealing or that there were non-frivolous grounds

12   for appeal.  Contrary to Defendant's assertion, defense counsel states that Defendant

13   refused to speak with him or assist him in preparing for the Ameline hearing.  (Currie

14   Decl. ¶ 10).  In addition, while Defendant argues that defense counsel unreasonably

15   relied on the PSR regarding his 1997 and 1998 convictions by failing to conduct his

16   own investigation, the evidence does not support Defendant's contention.  Defense

17   counsel contends that he conducted his own investigation and determined that

18   Defendant did not have any viable grounds for appealing his sentence.  (Id. ¶ 12).

19   Further, as discussed in the previous section, defense counsel was not unreasonable

20   in determining that Defendant's criminal history category, which included two points

21   for the 1997 and 1998 convictions, was correct.

22          Because Defendant has not provided evidence to establish that he reasonably

23   demonstrated to defense counsel his interest in appealing or that Defendant had non-

24   frivolous grounds for appeal, his failure to file a notice of appeal without respondent's

25   consent does not fall below the defense counsel's constitutionally imposed duty.

26   Therefore, defense counsel's representation was not deficient on this ground.

27   ***Conclusion***

28          Because defense counsel's representation was not deficient, Defendant has not

1    established that defense counsel's assistance was ineffective.[3]

2          For the foregoing reasons, Defendant's section 2255 motion should be denied.

3          Accordingly,

4          IT IS ORDERED that Defendant's motion to vacate, set aside, or correct

5    sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED.

6    Dated: April 4, 2008

7

8                                                        _____
                                                         ROBERT M. TAKASUGI
9                                                        United States District Sr. Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28          [3]Because the court finds that defense counsel was not deficient under the first prong of the Strickland test, defense counsel's performance does not need to be evaluated for prejudice.

8